(59 Misc. Rep. 384.)

### SWALM v. LYONS.

#### (City Court of New York, Special Term. May, 1908.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—THIRD-PARTY ORDER—VACATING.
     Where a creditor agreed with a judgment debtor that the latter should give notes and checks, which, when paid, were to be applied on the creditor's judgment, and pending supplementary proceedings were thereupon discontinued, so long as the agreement remains unchanged and the debtor fulfills his obligations, a third-party order in supplementary proceedings, in violation of the agreement, should be vacated.

Action by Henry V. Swalm against Robert T. Lyons. Application to vacate a third-party order.

Francis Gilbert, for plaintiff.
Phillips & Avery, for defendant.

SCHMUCK, J. The judgment debtor applies to the court to vacate a third-party order, obtained in the customary manner, ascribing his

reason therefor that he had agreed with the creditor for the liquidation of the judgment upon which the said order was obtained and has not been guilty of any dereliction with respect thereto. The motion is strenuously opposed; the creditor, through his attorney, with whom all dealings with the debtor were had, vehemently denouncing the application, asserting that the debtor willfully and viciously misrepresented his financial condition and misled him into making the agreement upon which the debtor relies.

An epitome of the relations subsisting between the creditor and the debtor will conduce to a proper and just consideration of the motion. On January 23, 1908, the creditor obtained a judgment for $773.18. On March 6, 1908, another judgment was obtained for $775.77. Neither action was defended; but, before either action was commenced, the debtor had transferred his property to a corporation created for the purpose of liquidating his debts. On March 7, 1908, the debtor was examined by virtue of the judgment obtained in January. It appears that he testified that he had no property and, especially interesting for the purpose of this application, no bank account. After one adjournment and considerable discussion, the attorney for the creditor (relying upon the testimony and the debtor's expostulations of pecuniary embarrassment) and the debtor entered into an agreement whereby the debtor was to give a check and notes falling due at various periods in full payment of both judgments and the creditor to withhold all action under the proceedings supplementary; and, if the notes and checks were paid, the motion for the appointment of a receiver was to be withdrawn and the proceedings discontinued, without costs to either party. The agreement was dated March 9, 1908. After repeated adjournments, made according to the terms of the agreement, the debtor, on April 7, 1908, by direction of the court, was compelled to sign his testimony adduced in the supplementary proceedings. In the interim between March 9, 1908, and April 17, 1908, the creditor, through his attorney, discovering that the debtor had a large sum of money deposited in the bank with which he testified he had ceased dealing, obtained an order restraining the said bank from paying to the debtor any part of the money. Upon the solicitation of the debtor this order was vacated, after the debtor promised, in return for this consideration, to procure an assignment of a large parcel of realty of which his wife held the title. The transfer was never effected, because of the refusal of the debtor's wife. When this refusal was communicated to the creditor's attorney, he, having lost all patience with the debtor, obtained an order to examine the said bank under the judgment obtained on March 6, 1908, for the vacating of which order this motion is made.

Accepting as true the version of the creditor, and conceding that the claim of the debtor that money deposited in the Metropolitan Bank belonged to the corporation to be a snare and subterfuge, the court is reluctantly compelled to admit the soundness of the contention that the creditor is bound by the agreement of March 9, 1908, made in payment of both judgments. No doubt exists in the mind of the court that the debtor presumed upon the sympathy and indulgence of the creditor, and that he intentionally and willfully misstated the facts concerning his bank account; for on pages 7, 8, and 9 of his sworn

testimony he denies having a bank account, the contrary being clearly established by the report of the bank. There can be no question that the conduct of the creditor was kind, indulgent, and sympathetic, and no dispute that. that of the debtor was vicious, deceitful, and replete with chicanery. Nevertheless, an impartial consideration of this application requires that due importance be given the agreement of March 9th, and that it be considered, so long as it remains unabrogated, as controlling the relation and action of the creditor and the debtor. By its terms it states that it is in payment of both judgments; and so long as the debtor fulfills the obligations thereof it would be unjust to permit the creditor to take any action based upon those judgments.

The court is not called upon to decide the reprehensibility of the debtor's conduct, nor will the court permit his sympathy for the creditor to outweigh his judgment. Therefore, although recognizing that the creditor was misled by the obsequious lamentations of the debtor, untruthful, yet withal sympathy exciting by reason of their seeming sincerity, the court, regretting his inability to assist the creditor, reluctantly grants the motion.

Motion granted.